IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LUCILLE RUTZ, individually and on behalf of all others similarly situated,** ) ) ) | |
| **Plaintiff,** ) ) | |
| vs. ) ) | Case No. 04-cv-0748-MJR |
| **BARNES-JEWISH HOSPITAL and BJC HEALTH SYSTEMS, INC.,** ) ) ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Before the Court is Plaintiff's, Lucille Rutz's, Motion to Remand (Doc. 11), filed November 12, 2004. Plaintiff moves the Court, pursuant to 28 U.S.C. § 1447(c), to remand this cause to the Circuit Court for the Third Judicial Circuit, Madison County, Illinois. This matter is fully briefed and ready for disposition.

## Background

On August 6, 2003, Plaintiff filed a Petition for Declaratory Judgment and to Adjudicate Liens against United Healthcare[1], Washington University School of Medicine and Barnes-Jewish Hospital in the Circuit Court of Madison County, State of Illinois. The basis for the Petition was to adjudicate various liens in relation to injuries suffered in an automobile accident on September 21, 2001. On January 29, 2004, Plaintiff was granted leave to file First Amended

---

[1] Plaintiff subsequently corrected a misnomer, substituting Group Health Plan for United Healthcare.

Complaint, which added allegations against Defendant Barnes-Jewish Hospital and asserted class action claims for violation of the Illinois Consumer Fraud Act, 815 ILCS 505-1, *et seq.*, and for unjust enrichment.

On August 12, 2004, Plaintiff was granted leave to file Second Amended Complaint. In Count I, Plaintiff seeks declaratory judgment to adjudicate liens against all Defendants. Count II is an unjust enrichment claims against Barnes-Jewish Hospital. In Count III, Plaintiff asserts a claim against Defendant Barnes-Jewish Hospital for violation of the Illinois Consumer Fraud Act. In Count IV, Plaintiff asserts a claim against Defendant BJC Health Systems ("BJC") for violation of the Illinois Consumer Fraud Act. Count V is an unjust enrichment claim against BJC.

## Analysis

### A. Whether this matter was properly and timely removed.

The Court begins its analysis with the well-known rule that removal is proper over any action that could have been filed originally in federal court. ***See* 28 U.S.C. § 1441; *Grubbs v. General Elec. Credit Corp.*, 405 U.S. 699, 702, 92 S.Ct. 1344 (1972)**. The Court notes that removal is construed restrictively so as to limit federal subject matter jurisdiction. ***See, e. g.,* Willy v. Coastal Corp., 855 F.2d 1160, 1164 (5th Cir. 1988) (citations omitted)**. Further, the removing defendant bears the burden of demonstrating that removal was proper and that federal subject matter jurisdiction exists. ***Jones v. General Tire & Rubber Co.*, 541 F.2d 660, 664 (7th Cir. 1976).** Here, BJC removed the case based on both diversity jurisdiction pursuant to **28 U.S.C. § 1332(a)** and/or federal question jurisdiction pursuant to **28 U.S.C. § 1331**. Thus, as the party seeking to invoke federal jurisdiction, BJC bears the burden of demonstrating that the complete diversity and amount in controversy requirements were met at the time of removal or, alternatively, that Plaintiff's claims,

or at least a portion thereof are completely preempted by ERISA, **29 U.S.C. §§ 1001** *et seq. See In re County Collector,* **96 F.3d 890, 895 (7th Cir.1996);** *NLFC, Inc. v. Devcom Mid-America, Inc.*, **45 F.3d 231, 237 (7th Cir.1995)**. Additionally, any doubts concerning the propriety of removal should be resolved in favor of remand. *See, e. g., York v. Horizon Fed. Sav. & Loan Ass'n*, **712 F.Supp. 85, 87 (E.D.La. 1989)**. Applying these principles to the instant case, the Court first considers whether the instant action was timely filed pursuant to **28 U.S.C. § 1446(b)**.

**Section 1446(b)** provides in relevant part, "If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable." **28 U.S.C. § 1446(b)**. Accordingly, the pertinent inquiry is whether the Defendants could ascertain the removability of this action more than thirty days prior to removal based on the documents and conduct of the parties during the state proceedings in this specific case.

Plaintiff's Complaint was initiated against BJH in the Circuit Court of Madison County, Illinois, on August 6, 2003. On January 29, 2004, Plaintiff was granted leave to amend her Complaint to plead class action allegations. On August 12, 2004, Plaintiff was granted leave to add BJC as a Defendant; Defendant BJC was served through its registered agent on September 15, 2004. On October 15, 2004, Defendant BJC timely filed its Notice of Removal. Defendant BJH consented to the removal.

Plaintiff argues that Defendant BJH failed to file a notice of removal within thirty days of the filing of Plaintiff's Complaint or of Plaintiff's Amended Complaint. Plaintiff states that this failure is a substantive defect in the removal which cannot be cured. Citing ***Phoenix Container, L.P.***

*v. Sokoloff,* **235 F.3d 352 (7th Cir. 2000),** Plaintiff asserts that the Seventh Circuit follows the first-served defendant rule, under which if the first-served defendant allows the thirty-day period to expire without removing, it has waived its right to remove the action and cannot be deemed to have consented to removal by later-served defendants.

BJC, to the contrary, argues that the Seventh Circuit does not follow the "first-served defendant rule." Citing ***Boyd v. Phoenix Funding Corp.*, 366 F.3d 524, 530 (7th Cir. 2004)**, BJC states that the question of whether a later-served defendant could remove an action outside of the thirty-day window was left open by the Seventh Circuit with an "implicit" recognition that a later-served defendant has thirty days to remove.

One thing that is perfectly clear at the outset is that the Seventh Circuit did *not* decide in the *Phoenix Container* case that this Circuit follows the first-served defendant rule. Some three years after deciding *Phoenix Container*, in *Boyd v. Phoenix Funding Corp.*, the Court stated, "Determining whether a later-named defendant can remove an action pending in state court outside of the original thirty-day window is a question of first impression in our court." **366 F.3d at 530**. The Court did not decide this issue in *Boyd* but did provide some guidance.

First, the Court stated that "the removal statutes do not permit defendants deliberately to manipulate assignments so that the 30-day time limit on removal found in § 1446(b) can be avoided." *Id*. **at 530-31**. On the facts before it, the Court finds no evidence that BJC and BJH have "improperly or collusively" joined in an effort to invoke the jurisdiction of this Court. *See id.* **at 531**. Moreover, BJC was added as a Defendant in the Second Amended Complaint. BJC and BJH are separate and distinct Missouri corporations with different charter numbers, different dates of incorporation, different officers and predominately different boards of directors. Doc. 9, Exhibits A,

B.  Thus, BJC was not a *de facto* Defendant in this litigation from the beginning.  ***Id*. at 532**.

Citing ***Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344 (1999)***, the Seventh Circuit stated that the Supreme Court had not confronted this issue directly either but had emphasized the removal rights of a defendant in stating that "An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process.  Accordingly, we hold that a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint,..." ***Boyd*, 366 F.3d at 530 (citing *Murphy Bros.,*526 U.S. at 347-48)**.  The Court continued, "one becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend."  ***Id. (*citing *Murphy Bros.,* 526 U.S. at 351)**.

In reliance on the Court's holding in ***Murphy Bros.***, the Eighth Circuit adopted the later-served defendant rule, holding "that a later-named defendant has thirty days from the date of service on it to file a notice of removal, even if the first-named co-defendants did not remove within the original thirty days of service."  ***Boyd*, 366 F.3d at 530 (citing *Marano Enterprises of Kansas v. Z-Teca Restaurants, L.P.*, 254 F.3d 753, 757 (8th Cir.2001))**.

Here, the problems raised in ***Boyd***, namely questions of improper or collusive action and the confused state of the underlying record, are not present.  The chronology of this matter is clear, and the Court finds no evidence that BJC and BJH improperly or collusively joined in an effort to invoke the jurisdiction of this Court.  Accordingly, relying on the Supreme Court's holding in ***Murphy Bros.,*** the Court finds that a named defendant's time to remove is triggered by receipt of the complaint.  Defendant BJC was served with Second Amended Complaint on September 15, 2004,

and filed Notice of Removal on October 15, 2004. Therefore, this matter was timely removed because Defendant BJC removed the case within thirty days of being served and obtained the consent of BJH, as required by **28 U.S.C. § 1446(a)**.

### B. Whether the Court has federal question jurisdiction.

Plaintiff maintains that there is no federal question jurisdiction under ERISA because Plaintiff's Complaint does not seek to affect the terms of an employment benefit plan, and Defendant's general claim of ERISA preemption has no application to the present claims.

Defendant BJC responds that this Court has federal question jurisdiction under ERISA because Plaintiff's purported class includes "all patients" with "third-party payor benefits," which will undoubtedly involve patients' health care payors with defined plans administered by unions, private companies and others who by contract will be required to pay for services provided to participants of the group health plan. BJC states that such group health insurance policies are "employee welfare benefit plans" under ERISA because they are maintained by employers of the patients for the purpose of providing them with healthcare benefits.

BJC asserts that the claims against BJC can only arise based upon alleged contracts between healthcare providers and ERISA plans that set forth the details of the billing agreements, subrogation and liens. BJC states that the Court will have to interpret contracts between providers and ERISA-governed plans to determine Plaintiff's rights. BJC asserts that Plaintiff's state law claims are completely preempted and are properly characterized as an ERISA claim under **§ 502(a), 29 U.S.C. § 1132**.

Whether or not a cause of action has been completely preempted is determined by the intent of Congress. ***Metropolitan Life Ins.Co. v. Taylor*, 481 U.S. 58, 66, 107 S.Ct. 1542, 1548**

**(1987)**.  In *Metropolitan Life,* the Supreme Court extended the "complete preemption" exception to the well-pleaded complaint rule to ERISA cases, reasoning that "Congress has clearly manifested an intent to make causes of action within the scope of the civil enforcement provisions of **§ 502(a)** removable to federal court."  **481 U.S. at 63-67, 107 S.Ct. 1542**.

        **Section 502(a)** of ERISA provides, in pertinent part:

A civil action may be brought--
    (1) by a participant or beneficiary--
        (A) for the relief provided for in subsection (c) of this section, or
        (B) to recover benefits due to him under the terms of his plan, to enforce his rights
          under the terms of the plan, or to clarify his rights to future benefits under the
        terms of the plan;
   (2) by the Secretary, or by a participant, beneficiary or fiduciary for appropriate relief under
   section 1109 of this title;
   (3) by a participant, beneficiary, or fiduciary
       (A) to enjoin any act or practice which violates any provision of this subchapter or the
terms of the plan, or
       (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to
enforce any provisions of this subchapter or the terms of the plan.
**29 U.S.C. § 1132(a)**.

        Thus, while a plaintiff cannot use artful pleading to avoid ERISA preemption, neither can a defendant recharacterize a plaintiff's well-pleaded state law claims as arising under ERISA, if resolution of those claims requires no construction of the ERISA plan or its terms.  *Jass v. Prudential Health Care Plan, Inc.*, **88 F.3d 1482, 1488-89 (7th Cir. 1996)**.  In *Jass*, the Seventh Circuit stated that three factors are relevant in determining whether a claim within the preemptive scope of § 502(a). Those factors are:  1) whether the plaintiff is eligible to bring a claim under that section; 2) whether the plaintiff's cause of action falls within the scope of an ERISA provision that the plaintiff can enforce via **§ 502(a)**; and (3) whether the plaintiff's state law claim cannot be resolved without an interpretation of the contract governed by federal law.

        Analyzing Plaintiff's Complaint under the factors set forth in *Jass*, the first inquiry

is whether Plaintiff is eligible to bring a claim under **§ 502(a)**.  Plaintiff states that she has a group health insurance policy with Group Health Plan.  Second Amended Complaint, ¶ 3.  Plaintiff defines the proposed class as follows:

> All patients of BJC health System and all of its affiliates with third-party payor benefits that BJC refused to honor, recognize or use since 1994.
>
> Excluded from the class are any employees, officers, or directors of defendant' and any legal representatives, successors, or assignments of the defendant.  *Id*. at ¶ 24.

Plaintiff has a group health insurance policy and her proposed class includes "all patients" with "third-party payor benefits."  Thus, Plaintiff is a participant or beneficiary, and her proposed class may include participants or beneficiaries, who can bring a civil action for, *inter alia,* relief or to recover benefits or to clarify their rights to future benefits under **§ 502(a)** of ERISA.  Accordingly, the first of the factors set forth in *Jass* is satisfied.

As to the second of the *Jass* factors, Plaintiff asserts that her Complaint does not seek to affect the terms of an employment benefit plan.  Nonetheless, the claims alleged against BJC can and do arise based upon the contracts between BJC and the ERISA-governed plans.  These contracts and plans govern issues raised in Plaintiff's Complaint, such as the assignment of benefits to discharge a patient's healthcare-related expenses, the assertion of liens and any subrogation provision in the plan.  ***See, e.g., FMC Corp. v. Holliday*, 498 U.S. 52, 111 S.Ct. 403 (1990), holding a state subrogation rule preempted by ERISA**.

The third factor of *Jass* is closely related to the second factor.  As the Northern District of Illinois noted in ***Coughlin v. Health Care Service Corp., 244 F.Supp.2d 883 (N.D.Ill. 2002)**, "it is clear that the second and third *Jass* factors merge when a plaintiff solely seeks to adjudicate a lien for apportioned funds, and a remand is appropriate." *Coughlin,* **244 F.Supp.2d**

**at 888.** However, "where the complaint or petition requires a contract interpretation, the cause of action is completely preempted." *Id*. **(citations omitted)**. Plaintiff, on behalf of herself and her proposed class, seeks to enforce her rights under the terms of her plan and to clarify her rights to future benefits. The Court finds that Plaintiff's Complaint requires a contract interpretation.

## Conclusion

Plaintiff's state law claims can be recharacterized as a suit to enforce her rights under the terms of a plan that is within the scope of **§ 502(a)(1)(B)** of ERISA, **29 U.S.C. § 1132(a)**, and the claim is "completely preempted" under **§ 502(a)**. *See Speciale v. Seybold*, **147 F.3d 612, 616 (7th Cir. 1998)**. The Court has federal question subject matter jurisdiction over this case under **28 U.S.C. § 1331**; therefore, it need not consider whether it also has diversity jurisdiction.

For the above-stated reasons, it is **ORDERED** that Plaintiff's, Lucille Rutz's, Motion to Remand (Doc. 11) be **DENIED**.

**IT IS SO ORDERED.**

**DATED this 27th day of May, 2005.**


                                             **s/Michael J. Reagan**
                                             **MICHAEL J. REAGAN**
                                             **United States District Judge**