## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LUCILLE RUTZ, individually and on behalf of all others similarly situated,**<br><br>　　**Plaintiff,**<br><br>vs.<br><br>**BARNES-JEWISH HOSPITAL and BJC HEALTH SYSTEMS, INC.,**<br><br>　　**Defendants.** | Case No. 04-cv-0748-MJR |

### MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Before the Court is Defendant's, BJC Health System's, Special and Limited Entry of Appearance of Defendant BJC Health System for the Purpose of Contesting Personal Jurisdiction over BJC Health System and Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 9), filed October 26, 2004. Defendant moves the Court, pursuant to **Federal Rule of Civil Procedure 12(b)(2)**, to dismiss Plaintiff's Second Amended Complaint as it pertains to Defendant BJC Health System for lack of personal jurisdiction. This matter is fully briefed and ready for disposition.

### Background

On August 6, 2003, Plaintiff, Lucille Rutz ("Rutz"), filed a Petition for Declaratory Judgment and to Adjudicate Liens against United Healthcare[1], Washington University School of Medicine and Barnes-Jewish Hospital in the Circuit Court of Madison County, State of Illinois. The basis for the Petition was to adjudicate various liens in relation to injuries suffered in an automobile

---

[1] Plaintiff subsequently corrected a misnomer, substituting Group Health Plan for United Healthcare.

accident on September 21, 2001. On January 29, 2004, Rutz was granted leave to file First Amended Complaint, which added allegations against Defendant Barnes-Jewish Hospital and asserted class action claims for violation of the Illinois Consumer Fraud Act, 815 ILCS 505-1, *et seq.*, and for unjust enrichment.

On August 12, 2004, Rutz was granted leave to file Second Amended Complaint. In Count I, Rutz seeks declaratory judgment to adjudicate liens against all Defendants. Count II is an unjust enrichment claims against Barnes-Jewish Hospital. In Count III, Rutz asserts a claim against Defendant Barnes-Jewish Hospital for violation of the Illinois Consumer Fraud Act. In Count IV, Rutz asserts a claim against Defendant BJC Health Systems ("BJC") for violation of the Illinois Consumer Fraud Act. Count V is an unjust enrichment claim against BJC.

Defendant BJC moves the Court to dismiss Rutz's Second Amended Petition as to BJC for lack of personal jurisdiction. In support of said Motion, BJC states that 1) Rutz has failed to allege sufficient facts which would subject BJC to the jurisdiction of the Illinois courts; 2) Rutz's Second Amended Complaint does not contain legally sufficient factual allegations that BJC is "doing business" in the State of Illinois to subject itself to the Illinois courts; 3) the exercise of personal jurisdiction over BJC offends federal and state guarantees of due process; and 4) the Court lacks personal jurisdiction over the federal question issues.

Rutz responds as follows: 1) there is no requirement that she allege jurisdictional facts under either federal or Illinois law; 2) BJC is "doing business" in Illinois; and 3) if the Court determines that evidence that BJC is subject to this Court's jurisdiction is insufficient, Rutz requests limited discovery on jurisdictional issues. Rutz submits pictures of Alton Memorial Hospital in Madison County, Illinois, with the BJC logo beneath the Hospital name. Rutz seeks to proceed

under this Court's "general" rather than "specific" jurisdiction, stating that, because BJC is doing significant business in Illinois, it is subject to this Court's general jurisdiction.

BJC replies that Rutz's references to signage are insufficient to confer personal jurisdiction over BJC. BJC again argues that Rutz has failed to plead sufficient facts to establish personal jurisdiction. Specifically, BJC asserts that Alton Memorial Hospital is separately incorporated and that using the activities of a subsidiary corporation as a basis for personal jurisdiction over the parent corporation violates due process. In the alternative, BJC seeks limited discovery on the jurisdictional issues and an evidentiary hearing where Rutz would be required to establish jurisdiction by a preponderance of the evidence.

## Analysis

**FEDERAL RULE OF CIVIL PROCEDURE 12(b)(2)** authorizes dismissal based on lack of personal jurisdiction. Rutz's October, 2004, Second Amended Complaint does not include facts alleging personal jurisdiction, nor is that required in a Complaint. ***Steel Warehouse of Wisconsin, Inc. v. Leach,* 154 F.3d 712, 715 (7th Cir. 1998)**. Once a defendant moves to dismiss a Complaint for lack of personal jurisdiction, however, plaintiff bears the burden of demonstrating the existence of personal jurisdiction. ***Purdue Research Foundation v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 787 (7th Cir. 2003) (citing *Central States, S.E. & S.W. Areas Pension Fund v. Reimer Express World Corp.,* 230 F.3d 934, 939 (7th Cir. 2000)**.

Assuming no evidentiary hearing is held on this issue, (*i.e.*, if the district court resolves the dismissal motion based on the parties' written submissions), the plaintiff need only "[make] out a prima facie case of personal jurisdiction" to avoid **Rule 12(b)(2)** dismissal. ***Purdue*, 338 F.3d at 783 (citing *Hyatt Int'l Corp. v. Coco,* 302 F.3d 707, 713 (7th Cir. 2002);** *see also*

*Nelson by Carson v. Park Industries, Inc.,* **717 F.2d 1120, 1123 (7th Cir. 1983)**; *Celozzi v. Boot*, **– F.3d –, 2000 WL 1141568, \*2 (7th Cir. 2000).** In evaluating whether the Plaintiff has made this prima facie showing, the Court resolves in the plaintiff's favor all disputes concerning relevant facts presented in the record. *Purdue*, **338 F.3d at 782 (***citing Nelson***, 717 F.2d at 1123 and** *RAR, Inc., v. Turner Diesel, Ltd.,* **107 F.3d 1272, 1275 (7th Cir. 1997) (Plaintiff "is entitled to have any conflicts in the affidavits resolved in [her] favor.")**. The Court may consider affidavits submitted by both parties, but the Court must accept as true all well-pleaded facts and resolve in favor of Plaintiff Rutz all factual disputes in the pleadings and affidavits.

Personal jurisdiction involves a multi-layered, sometimes complex, analysis. Clearly, where a federal district court exercises diversity jurisdiction, personal jurisdiction lies "only if a court of the state in which it sits would have such jurisdiction." *RAR*, **107 F.3d at 1275.** Because the Court denied Rutz's motion to remand based on federal question jurisdiction and did not resolve the question of whether the Court also enjoys diversity jurisdiction, the Court will consider this matter under the federal question statute, **28 U.S.C. § 1331.**

Simply stated, to exert personal jurisdiction over Defendant BJC in this matter, the Court must find two propositions to be true: 1) that BJC is amenable to service of process and 2) that haling BJC into court in Illinois accords with due process principles, *i.e.*, does not offend "traditional notions of fair play and substantial justice" embodied in the Due Process Clause of the United States Constitution. *Int'l Shoe Co. v. Washington,* **326 U.S. 310, 316 (1945)**.

Having carefully examined the record before it, and resolving in Rutz's favor "all disputes concerning relevant facts presented in the record," the Court answers both of these questions in the affirmative.

First, BJC is amenable to service of process here. BJC is a Missouri corporation with its principal place of business in that state. Whether a non-resident defendant is amenable to process depends on whether it "could be subjected to the jurisdiction of a court of general jurisdiction in the state in which the district is located." **FED. R. CIV. P. 4(k)(1)(A)**. An Illinois trial court may exercise jurisdiction over such non-resident defendants based upon (a) the fact that the corporation has been found to be "doing business" in Illinois or (b) compliance with the requirements of the long-arm statute, section 2-209(a)(1) of the Code of Civil Procedure. **735 ILCS 5/2-209(a)(1)**, **(b)(4)**.

Rutz asserts that BJC is subject to this Court's general jurisdiction which, unlike specific jurisdiction, allows a defendant to be sued in the forum regardless of the subject matter of the litigation. *Purdue*, **338 F.3d at 787 (citation omitted)**. Citing *Alderson v. Southern Co.*, **321 Ill.App. 3d 832, 747 N.E.2d 926 (1st Dist. 2001)**, Rutz states that BJC's permanent and systematic in-state business activities constitute "doing business" in Illinois such that this Court can exercise jurisdiction even if Rutz's cause of action has no connection with any of BJC's in-state activities.

Rutz submits six photographs of BJC signage in Madison County, three of which are permanent signs at Alton Memorial Hospital. Rutz's Exhibits 1 - 5. A fourth sign, described by Rutz as "semipermanent," identifies "BJC Health System Design and Construction Department." Rutz's Exhibit 6. Rutz asserts that this fourth sign implies that BJC has additional permanent ties through its construction activities in Illinois. Rutz states that BJC seeks the benefits of the Illinois market for its healthcare services and, thus, could have anticipated being brought into Illinois courts.

BJC argues that its business activity in Illinois does not meet the requirements of the statute because its activities are not "intentional, substantial, and continuous with a fair measure of

permanence and continuity."

There is a well-worn maxim that one cannot have one's cake and eat it. It appears that this is precisely what BJC would like to achieve. BJC wants the benefit of name recognition in Illinois, the imprimatur of the BJC name, and the concomitant flow of Illinois patients and healthcare dollars into its system without the burden of being haled into the State's courts. The logo on Alton Memorial Hospital reads "BJC Health System," but, when a lawsuit is filed by an Illinois citizen, BJC falls back upon its position that its affiliate hospitals are separately incorporated such that their relationship with BJC should be disregarded. The Court has evidence before it that BJC Health Systems and Barnes-Jewish Hospital are separately incorporated (Defendant's Exhibits A, B), but BJC has offered no evidence in the form of an affidavit or other sworn testimony that would lead the Court to decide that its relationship with its affiliate hospitals should be disregarded. BJC has not refuted Rutz's prima facie evidence by offering an affidavit regarding its business activities in Illinois. While the burden of proof rests with Rutz, any factual conflicts must be resolved in her favor, and, at this stage, the issue of jurisdiction need not be proven by a preponderance of the evidence. ***Purdue Research*, 338 F.3d at 781-83**.

BJC seeks to benefit from the Illinois market for its healthcare services, and, by so doing, it has "purposefully availed itself of the privilege of conducting business in the state and could have anticipated being brought into its courts." ***Halim v. Great Gatsby's Auction Gallery, Inc.*, 2004 U.S. Dist. LEXIS 3411 (N.D.Ill. 2004)**. In arguing that ***Hendry v. Ornda Health Corp., Inc.,* 318 Ill.App.3d 851, 742 N.E.2d 746 (Ill.App.2nd Dist. 2000)** supports its position, BJC states that "the business activity of the non-resident corporation [must] be intentional, substantial and continuous with a fair measure of permanence and continuity and not occasional, casual, inadvertent,

trivial or sporadic." It appears beyond doubt to this Court that the activities of BJC fall into the former category rather than the latter. For these reasons, the Court concludes that BJC is amenable to service of process in Illinois.

Furthermore, haling BJC into Court in Illinois comports with due process principles. The Due Process Clause of the Fourteenth Amendment to the United States Constitution limits when a state may assert personal jurisdiction over a non-resident individual or corporation. **RAR, 107 F.3d at 1277**.

As stated above, the non-resident defendant must have "certain minimum contacts with [the state] such that maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" ***Id. (quoting Int'l Shoe*, 326 U.S. at 316)**. What this means in a given case depends on whether the state asserts "general" or "specific" jurisdiction.

If a defendant has continuous and systematic business contacts with the forum state, the court may exercise personal jurisdiction over the defendant even in cases that do not arise out of, and are not related to, the defendant's forum contacts. **Hyatt, 302 F.3d at 713**. In such situations, the state is said to exercise *general* jurisdiction over the defendant. ***Helicopteros Nacionales De Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984)**. If, on the other hand, the plaintiff's cause of action arises out of the defendant's forum-related activities, the state is said to exercise *specific* jurisdiction over the defendant. ***Id***.

The question the Court must ask is whether Rutz has made a prima facie showing that BJC has "purposefully availed" itself of the privilege of conducting activities in the forum state such that it should reasonably anticipate being haled into court here. ***World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-475**

**(1985)**.  Rutz argues that BJC has substantial, continuous and permanent business activities in Madison County, Illinois and submits photographs to support the assertion.

Upon careful consideration of the parties' submissions, the Court finds that Rutz has made a prima facie showing that BJC has purposefully availed itself of the privilege of conducting activities in Illinois such that BJC could reasonably anticipate being haled into court in Illinois. Accordingly, maintenance of the instant suit comports with due process principles.

For all these reasons, the Court concludes that dismissal is not merited based on a lack of personal jurisdiction.

## Conclusion

Accordingly, the Court **DENIES** Defendant's, BJC Health System's, Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 9).

**IT IS SO ORDERED.**

**DATED this 3rd day of June, 2005**

<pre>                                        s/Michael J. Reagan
                                        MICHAEL J. REAGAN
                                        United States District Judge</pre>